IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-69,325-01






EX PARTE VICTOR EARL HENSLEY, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. WCR10251-A IN THE 355TH DISTRICT COURT


FROM HOOD COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of driving while
intoxicated and punishment, enhanced by a prior conviction, was assessed at fourteen years'
imprisonment. He did not appeal his conviction.

 Applicant contends an affirmative finding of use of a deadly weapon was improperly entered
and that his trial counsel rendered ineffective assistance because she did not object either to that
entry or to the enhancement of punishment when the indictment alleged an incorrect date for a prior
felony conviction.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for making findings of fact. The trial
court shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claim
of ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 The trial court shall make findings of fact as to whether any notice was given that the State
might seek entry of an affirmative finding, the nature of any such notice, whether counsel was given
notice that such notice had been entered, any date that counsel received such notice, whether
Applicant had a right to appeal the entry of the affirmative finding, whether counsel contested such
entry, and whether Applicant had a prior felony conviction which could be used to enhance his
punishment. The court shall conclude whether the performance of Applicant's trial attorney was
deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court
shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: March 19, 2008

Do not publish